1814.

*Philadelphia,*
*Friday,*
April 15.

## WENBERG *against* HOMER.

IN this case the writ was in trespass for an assault and battery, and the declaration contained three counts, the first two for assault and battery, and the third for the misconduct of the captain as master of the ship *Piscataqua,* in causelessly dismissing the plaintiff from his post of mate of that ship. Plea *non cul.*

If the writ is in trespass, and the declaration is part in trespass and part in case, the defendant cannot move in arrest of judgment, if the jury have found in his favour upon the count in case.

The cause was tried at a *Nisi Prius* before *Yeates* J. in *January* last, when the jury found for the plaintiff on the first two counts, damages 250 dollars, and for the defendant on the third.

*Browne* for the defendant moved for a new trial, on the ground of excessive damages, and in arrest of judgment, in consequence of the variance between the writ and declaration, and the mis-joinder of counts. He contended that although the jury had found for his client on the third count, yet the plaintiff under it had introduced evidence which influenced the jury to assess extravagant damages on the others.

*Shoemaker* contra, answered that the third count was now immaterial in consequence of the finding, and that under this circumstance the Court would disregard the variance. 1 *Chitty* 248, 254, 401., 3 *Saund.* 171 *b. c.*

TILGHMAN J. There is no reason to arrest the judgment, because the verdict on the bad count was for the defendant. As to damages, although it is possible that the jury may have been influenced in some degree by the evidence applicable to the other counts, yet we ought not to suppose so, unless it is very plain. Judge *Yeates* does not think the damages so improper as to authorize a new trial, supposing them to have been grounded solely on the evidence applicable to the first and second counts; and it appears to us all in the same light. We are therefore of opinion that judgment should be entered on the verdict.

Judgment for plaintiff.